UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LUANITA LANE,<br>Plaintiff,<br><br>v.<br><br>BOSTON CHILDREN HOSPITAL, et al.,<br>Defendants. | Civil Action No.<br>22-11230-NMG |

ORDER

GORTON, J.

On August 2, 2022, plaintiff Luanita Lane was granted leave to proceed in forma pauperis and was advised that her complaint is subject to dismissal. See Docket No. 4. The Order explained that Lane cannot assert claims on behalf of her son. Id. The Order further explained that the complaint fails to include virtually any factual allegations and fails to assert a discernable claim based on recognized legal authority. Id. Lane was advised that this action will be dismissed unless she files an amended complaint which cures the pleading deficiencies and sets forth a plausible claim upon which relief may be granted.

Lane did not file an amended complaint, and instead filed a "response" that is neither signed nor dated. Docket No. 7. At the time she filed her response, on August 18, 2022, Lane also

filed a motion to seal and a motion for court hearing.  See Docket Nos. 5 - 6.

In her response, Lane again complains of discrimination against her child and also seeks to add "Medical Malpractice" because the "Doctor, Nurse and HIV/Aids Specialist did not give [Lane's] child [certain tests that were requested]."  Docket No. 7 at p. 2.  Lane explains that she has "the legal rights as a parent to charge any body for the wrongful acts done against or on [her[ child" and that she is "moving forward with charging Boston Children's Hospital with the Discriminating Act against [her] child because of the threat against [her] family and because the Hospital denied to do [her] child['s] tests."  Id.

As an initial matter, the Court will not schedule a court date.  Next, to the extent Lane seeks "to seal this case from the public," see Docket No. 5, the Court will order that Lane's complaint and response to the Memorandum and Order not be available to the public.  The common law presumes a right of access to judicial records.  See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).  "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access."  Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988).  Although Lane has not identified a personal interest that would heavily outweigh the public interest in right of access to judicial records, because

2

Lane's complaint and response reference state care and protection proceedings concerning her son, the Court will order that these documents not be available to the public.[1]

Finally, Lane's response does not address the legal impediments previously noted in the Court's Memorandum and Order. Specifically, Lane does not set forth her claims in accordance with Rule 8, and it would be unfair to the Defendants to have to cull through the incoherent allegations in order to file a response. To the extent that Lane asserts medical malpractice claims under Massachusetts law, this court declines to exercise supplemental jurisdiction over those claims.

Accordingly, it is hereby Ordered that:

1. The motion (Docket No. 5) to seal case is GRANTED insofar as Lane wishes to have the complaint (Docket No. 1) and response (Docket No. 7) not appear on the public docket. The Clerk shall change the security settings for these two documents so that they may be seen only by Court employees.

---

[1] Although not binding on this Court, care and protection proceedings are closed under state law. See Mass. Gen. Laws ch. 119, § 38 ("All hearings under sections 1 to 38A, inclusive, except those related to court orders to not resuscitate or to withdraw life-sustaining medical treatment for children in the custody of the department under a care and protection order, shall be closed to the general public. It shall be unlawful to publish the names of persons before the court in any closed hearing."); see also In re Care and Protec. of Sharlene, 840 N.E.2d 918, 931 (Mass. 2006) (Spina J, concurring) ("The State has a legitimate interest in protecting children from the stigma that may be associated with having parents who are accused of being unfit, or who have been found to be unfit."). Here, the Court is persuaded that the well-being of Lane's son justifies having the complaint and response not available to the public.

2.  The motion (Docket No. 6) seeking a court hearing is DENIED.

3.  This action is DISMISSED pursuant to 28 U.S.C. 1915(e)(2) for failure to comply with the Court's directives as contained in the Memorandum and Order (Docket No. 4) and for all of the substantive reasons discussed therein.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: January 18, 2023